IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

ROBERT MCKISSIC,
    Plaintiff,

v.

E. DUESTERHAUS, *et al.*,
    Defendants.

Case No. 3:25-cv-03119-JEH

**Order**

    Plaintiff Robert McKissic, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). This case is before the Court for a merit review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**I**

    Plaintiff files suit against the Adams County Jail, the Adams County Sheriff's Department, Adams County Sheriff Anthony P. Grootens, Sergeant B. Boden, and Officer E. Duesterhaus. Plaintiff alleges Defendants Duesterhaus and

1

Boden transported him from the Federal Courthouse in Springfield, Illinois to the Adams County Jail on March 18, 2024, and refused to properly secure him in a seatbelt. As the transport vehicle exited through an alleyway, a step on the outside of the vehicle hit uneven street pavement, the vehicle suddenly shook, and Plaintiff slid forward. Plaintiff alleges he quickly stuck his hand out to brace himself and injured his back. Plaintiff claims that Defendants Duesterhaus and Boden were not attentive to the driving conditions and accelerated too fast into traffic on an uneven roadway. Plaintiff alleges Defendants violated his constitutional rights and state law, as they had a duty to exercise care when transporting inmates, they breached that duty, and their breach caused him harm.

## II

The Fourteenth Amendment's due process principles apply to pretrial detainees. *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). Under the Fourteenth Amendment standard, a detainee need only establish that the Defendants' conduct was objectively unreasonable, that Defendants "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2nd Cir. 2017). This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

Prisoners do not have "a constitutional right to be secured while in transit." *Fluker v. Cnty. of Kankakee*, 945 F. Supp. 2d 972, 988 (C.D. Ill. 2013), *aff'd*, 741 F.3d 787 (7th Cir. 2013) (denying claim by unrestrained detainee injured during transport); *see also Dale v. Agresta*, 771 F. App'x 659, 661 (7th Cir. 2019), *reh'g denied* (Aug. 21, 2019). As a result, Plaintiff fails to state a cognizable constitutional claim against Defendants Duesterhaus and Boden and alleges only a negligence claim. "Mere negligence in the treatment of a detainee, however, is not sufficient to

2

sustain a constitutional violation." *Knee v. Gann*, No. 19-CV-3234-JBM, 2019 WL 6834200, at *1 (C.D. Ill. Dec. 13, 2019) (citing *Miranda*, 900 F.3d at 353). Plaintiff is advised that he is not precluded from asserting a negligence claim in a state court proceeding, should he wish to do so.

Plaintiff named the Adams County Sheriff's Department as a Defendant, but he did not allege that the Sheriff's Department had a policy or practice of not restraining inmates while they were being transported and that this policy or practice violated his constitutional rights. *Monell v. Dep't of Soc. Services of New York*, 436 U.S. 658 (1978).

Plaintiff also failed to state a claim against Defendant Sheriff Grootens, as the doctrine of respondeat superior cannot be used to hold an employer or supervisor liable under for the alleged misconduct of his employees under § 1983. *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 786 (7th Cir. 2014). Section 1983 is predicated on fault and a Defendant will not be held liable unless he was "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

Plaintiff named the Adams County Jail, which is not a "person" amenable to suit under § 1983. *Dye v. Wargo,* 253 F.3d 296, 299 (7th Cir. 2001); *Nava v. Sangamon Cnty. Jail*, No. 14-3090, 2014 WL 1320259, at *2 (C.D. Ill. Apr. 2, 2014) ("The 'Sangamon County Jail' is not a 'person' that may be sued under § 1983.").

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The dismissal is without prejudice to allow Plaintiff to pursue any available relief in state court. Any amendment to the Complaint would be futile because the complained-of conduct does not violate the Constitution.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile because the complained-of conduct does not violate the Constitution. This case is therefore closed. The Clerk is directed to enter judgment pursuant to Fed. R. Civ. P. 58.

2) Plaintiff's Motion to Request Counsel [4] is DENIED.

3) Plaintiff must still pay the filing fee of $350 even though his case was dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk, as directed in the Court's prior Order. (d/e 6/25/2025).

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.

*It is so ordered.*

Entered: July 14, 2025

s/Jonathan E. Hawley
U.S. District Judge